UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
RALPH P. CAPONE,

                          Plaintiff,                    ORDER
                                                        04-CV-2947(JS)(MLO)
             -against-

PATCHOGUE-MEDFORD UNION FREE SCHOOL
DISTRICT, PATCHOGUE-MEDFORD UNION FREE
SCHOOL DISTRICT BOARD OF EDUCATION,
TINA WEEKS, in her Individual and
official capacity, ANTHONY KAISER,
in his individual and official
capacity, BRIAN BRADY, in his individual
and official capacity, MARGARET E.
FELOUSIS, in her individual and official
capacity, PATRICK NETT, in his individual
and official capacity, RONALD RABY, in
his individual and official capacity,
JOSEPH LOSCIAVO, in his Individual and
official capacity, VERONICA A. MCDERMOTT,
PHD., SUPERINTENDANT OF SCHOOLS, in her
Individual and official capacity,
BARBARA KANE, DISTRICT CLERK and
COMPLIANCE OFFICER, in her individual and
official capacity, ALLEN ROBINSON,
DIRECTOR OF ADULT EDUCATION, in his
Individual and official capacity, JENMAUR,
INC., CHRISTOPHER CLAYTON, ESQ. In his
individual and official capacity;
INGERMAN SMITH, LLP, and JANE DOE AND
JOHN DOE, fictitiously named persons,
Nassau County Division, New York State
Civil Service Commission,

                          Defendants.
---------------------------------------X
Appearances:

For Plaintiff:           Ruth M. Pollack, Esq.
                         Pollack & Kotler Law Office
                         250 Old Country Road, Suite 505
                         Mineola, NY 11501


For Defendants:
Patchogue-Medford        Rondiene Erin Novitz, Esq.
Union Free School        Cruser & Mitchell, LLP
District, McDermott,     225 Old Country Road, South Wing

| Kane, Loshiavo, and Felousiz | Melville, NY 11747 |
| Kaiser, Nett, Raby and Brady | David Norman Yaffe, Esq.<br>Hamburger, Maxson, Yaffe,<br>Wishod & Knauer, LLP<br>225 Broadhollow Road, Suite 301E<br>Melville, NY 11747 |
| Weeks | Howard Marc Miller, Esq.<br>Bond, Schoeneck & King<br>1399 Franklin Avenue, Suite 200<br>Garden City, NY 11530 |
| Jenmaur, and Robinson | Brian T. Egan, Esq.<br>Pelletreau & Pelletreau, LLP<br>475 East Main Street, Suite 114<br>Patchogue, NY 11772 |
| Ingerman Smith and Clayton | Ralph A. Catalano, Esq.<br>Catalano, Gallardo & Petropoulos, LLP<br>1565 Franklin Avenue<br>Mineola, NY 11501 |

SEYBERT, District Judge:

On February 6, 2006, after Judge Leonard D. Wexler's recusal, this matter was reassigned to this Court.  The purpose of this Order is to address Plaintiff's request for additional time to oppose Defendants' pending motions and file a motion for leave to file a Third Amended Complaint.

At the time of the reassignment, there were several motions pending.  Six are pertinent to this Order: (1) on October 17, 2006, Defendants Christopher Clayton and the law firm Ingerman Smith, LLP (collectively, "Ingerman") filed a motion for judgment on the pleadings pursuant to Rule 12(c), dismissing the Second

Amended Complaint[1]; (2) on October 21, 2005, Allen Robinson and Jenmaur, Inc. (collectively, "Jenmaur") similarly filed a motion for judgment on the pleadings; (3) on October 25, 2005, Defendants Patchogue-Medford Union Free School District, Patchogue-Medford Union Free School District Board of Education, Veronica McDermott, Barbara Kane, Joseph Losciavo, and Margaret Felousiz[2] (collectively, the "School District") also filed a motion for judgment on the pleadings; (4) on October 26, 2005, Tina Weeks ("Weeks") filed a motion to dismiss the Second Amended Complaint pursuant to Rule 12(b)(6); (5) on October 26, 2005, Defendants Anthony Kaiser, Brian Brady, Patrick Nett, and Ronald Raby (collectively, the "Board Members Defendants") moved to dismiss the Complaint pursuant to Rule 12(b)(6); and finally (6) on December 18, 2005, Plaintiff filed a motion pursuant to Local Rule 6.3, requesting that Judge Wexler reconsider a December 6, 2005 Order requiring Plaintiff to submit opposition to Defendants' pending motions no later than December 14, 2005.

On March 27, 2006, this Court received from Plaintiff a

---

[1]     The motion addresses the "Amended Complaint." Plaintiff filed the Second Amended Complaint without leave three days before Ingerman filed its motion.  Because the changes to the Second Amended Complaint are not substantive, the Court accepts the Second Amended Complaint and construes Defendants' motions as relating to the allegations contained in the Second Amended Complaint.

[2]     The Caption contains an erroneous spelling of Ms. Felousiz's name.  The Court uses the accurate spelling.

letter motion requesting that the Court set a "revised motion schedule." Plaintiff cited his desire to amend the Second Amended Complaint based upon the discovery of "new evidence, which supports [his] burden of proof on the issues of civil rights violations in this case." Plaintiff requested that the Court stay the five pending motions to dismiss the Second Amended Complaint, and have the "motions re-filed based upon [Plaintiff's] proposed amended pleadings." Plaintiff avers that he had "not filed answers to the motions [to dismiss and/or for judgment on the pleadings], in part, due to the confusion as to which complaint is to be addressed."

In Plaintiff's March 27th letter motion to this Court, Plaintiff neglected to mention Judge Wexler's December 6, 2005 order ("December Order") requiring Plaintiff to submit opposition to Defendants' pending motions no later than December 14, 2005. The December Order provided that failure to submit papers by December 14, 2005 would result in the pending motions being deemed submitted unopposed. Plaintiff also failed to inform the Court that, on December 18, 2005, he filed a motion requesting that Judge Wexler reconsider the December Order. In his motion for reconsideration, Plaintiff proffered several reasons why he should be granted additional time to respond to the pending motions, including: (1) insufficient time to respond to a large number of motions; (2) the Second Amended Complaint implicates new and different issues from the Original Complaint; (3) the case is

4

"history in the making;" (4) the case presents novel legal issues;
(5) Defendants have not stated any legitimate reason to disallow
the extension; and (6) unknown and possibly pertinent documents
recently filed with the New York State Department of Education.

Notably, Plaintiff's confusion about the pertinent
pleading (the only reason Plaintiff provided to this Court to
explain his failure to timely oppose motions that were filed
approximately five months earlier) was never mentioned in his
request to Judge Wexler.  The inconsistent representation provides
little support for Plaintiff's assertion in his December 19, 2005
letter to Judge Wexler that he is "tak[ing] the high road" in this
matter.  Moreover, Plaintiff's failure to disclose his prior
applications before Judge Wexler reflects little concern for candor
to this Court.

The foregoing omissions were brought to this Court's
attention by Defendants, and were confirmed after a review of the
docket sheet.  However, Defendants also referred this Court to a
fact that lacks any paper trail.  Defendants described a
December 15, 2005 conference before Judge Wexler's law clerk in
which Plaintiff's counsel was informed that Judge Wexler had deemed
the pending motions submitted unopposed.  While there is no
indication of the conference on the docket, Plaintiff does not
dispute that the conference occurred.  However, Plaintiff points
out that no order is entered on the docket sheet disposing of his

5

reconsideration motion or otherwise indicating that Judge Wexler issued an order (apart from the December 6, 2005 Order) deeming the motions unopposed.

On April 6, 2006, this Court issued an Order denying Plaintiff's letter motion and deeming Defendants' motion submitted unopposed.  The purpose of the Order was to respect the procedural rulings previously made by Judge Wexler.  However, after weeding through the more than 200 entries on the docket sheet of this action, it is clear that Plaintiff's reconsideration motion remains undecided.  Rather than undergo yet more briefing on procedural issues that will further prolong the resolution of Defendants' motions, the Court makes the following rulings.

Recognizing this Circuit's preference for having matters decided on the merits, the Court GRANTS Plaintiff's reconsideration motion.  Plaintiff shall file any opposition and/or cross-motion for leave to file a Third Amended Complaint no later than May 10, 2006.  If Plaintiff includes with his opposition a cross-motion for leave to file a Third Amended Complaint, Defendants shall have two weeks to respond to both the opposition and cross-motion - the Court presumes that all Defendants will each submit one brief addressing both their own motion and Plaintiff's motion.  Such briefs will be due May 24, 2006.  Plaintiff's reply shall be filed no later than May 31, 2006.

If Plaintiff does not file a cross-motion to amend the

Second Amended Complaint, Defendants shall have one week to file their reply.  Their reply will be due May 17, 2006.

NO EXTENSIONS OR MODIFICATIONS WILL BE MADE TO THIS BRIEFING SCHEDULE.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: April 25, 2006
       Central Islip, New York

7