```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
RALPH P. CAPONE,

                    Plaintiff,            ORDER
                                          04-CV-2947(JS)(MLO)
        -against-

PATCHOGUE-MEDFORD UNION FREE SCHOOL
DISTRICT, PATCHOGUE-MEDFORD UNION FREE
SCHOOL DISTRICT BOARD OF EDUCATION,
TINA WEEKS, in her Individual and
official capacity, ANTHONY KAISER,
in his individual and official
capacity, BRIAN BRADY, in his individual
and official capacity, MARGARET E.
FELOUSIS, in her individual and official
capacity, PATRICK NETT, in his individual
and official capacity, RONALD RABY, in
his individual and official capacity,
JOSEPH LOSCIAVO, in his Individual and
official capacity, VERONICA A. MCDERMOTT,
PHD., SUPERINTENDANT OF SCHOOLS, in her
Individual and official capacity,
BARBARA KANE, DISTRICT CLERK and
COMPLIANCE OFFICER, in her individual and
official capacity, ALLEN ROBINSON,
DIRECTOR OF ADULT EDUCATION, in his
Individual and official capacity, JENMAUR,
INC., CHRISTOPHER CLAYTON, ESQ. In his
individual and official capacity;
INGERMAN SMITH, LLP, and JANE DOE AND
JOHN DOE, fictitiously named persons,
Nassau County Division, New York State
Civil Service Commission,

                    Defendants.
----------------------------------------X
Appearances:

For Plaintiff:              Ruth M. Pollack, Esq.
                            Pollack & Kotler Law Office
                            250 Old Country Road, Suite 505
                            Mineola, NY 11501

For Defendants:
Patchogue-Medford           Rondiene Erin Novitz, Esq.
Union Free School           Cruser & Mitchell, LLP
District, McDermott,        225 Old Country Road, South Wing
```

| | |
|---|---|
| Kane, Loshiavo, and Felousiz | Melville, NY 11747 |
| Kaiser, Nett, Raby and Brady | David Norman Yaffe, Esq.<br>Hamburger, Maxson, Yaffe,<br>Wishod & Knauer, LLP<br>225 Broadhollow Road, Suite 301E<br>Melville, NY 11747 |
| Weeks | Howard Marc Miller, Esq.<br>Bond, Schoeneck & King<br>1399 Franklin Avenue, Suite 200<br>Garden City, NY 11530 |
| Jenmaur, and Robinson | Brian T. Egan, Esq.<br>Pelletreau & Pelletreau, LLP<br>475 East Main Street, Suite 114<br>Patchogue, NY 11772 |
| Ingerman Smith and Clayton | Ralph A. Catalano, Esq.<br>Catalano, Gallardo & Petropoulos, LLP<br>1565 Franklin Avenue<br>Mineola, NY 11501 |

SEYBERT, District Judge:

On April 25, 2006, this Court issued an Order ("April Order") granting Plaintiff Ralph Capone's ("Plaintiff") motion for reconsideration of a scheduling order issued by Judge Leonard D. Wexler, who previously presided over this matter. The Court granted Plaintiff until May 10, 2006 to file an opposition to Defendants' collective motions to dismiss, and if Plaintiff so desired, a cross-motion for leave to file a Third Amended Complaint. The Order specifically provided that "NO EXTENSIONS OR MODIFICATIONS WILL BE MADE TO THIS BRIEFING SCHEDULE." It is worth pointing out that this Court is not in the habit of issuing seven-page orders concerning briefing schedules or extensions of time. However, after receiving telephone calls to Chambers and numerous

letter filings by both Parties, a written Order was necessary to clarify the procedural posture of this case.

The May 10, 2006 deadline arrived and passed without Plaintiff's submission of an opposition or motion to amend. The April Order placed Plaintiff on notice that no extensions or further modifications to the briefing schedule would be granted and, true to the April Order, none will.

Plaintiff's counsel requests additional time to respond to Defendants' motion because she "did not see the ECF 'bounce' of the Order despite looking for it since I initiated the application." The Court finds it difficult to credit such a representation where counsel has demonstrated an uncanny ability to access and investigate the docket sheet whenever it serves her purpose. Plaintiff promptly recovered this Court's April 6, 2006 Order and filed a letter motion for reconsideration/clarification three business days later on April 11, 2006. In the furtherance of her April 11, 2006 reconsideration/clarification motion, Plaintiff's counsel carefully combed the docket sheet, pointing out to this Court that Judge Wexler never docketed an order formally rejecting a prior-filed reconsideration motion - notably, she did not dispute the previously undisclosed fact that she was informed at a conference by Judge Wexler's law clerk that Judge Wexler had rejected her request for reconsideration and deemed Defendants' motions submitted unopposed. Finally, on May 3, 2006

3

(approximately one week after the April Order was docketed), Plaintiff had no difficulty accessing the ECF system to request and obtain an adjournment for a conference scheduled before Magistrate Judge Michael L. Orenstein. Such facts, when coupled with Plaintiff's counsel's lack of candor to the Court concerning the procedural history of this matter, see April Order at 3-5, add little credibility to Plaintiff's counsel's assertion that she never saw the April Order.

However, even if Plaintiff's counsel "did not see" the April Order, the Court finds no reason to release her from its terms. E-mail service of a notice of the entry of an order or judgment is authorized in this district and has been deemed to constitute proper service pursuant to Federal Rule of Civil Procedure 77. See E.D.N.Y. Administrative Order 97-12 ¶ 9 (October 1997) (detailing electronic filing procedures that provide, inter alia, e-mail notification of the entry of order by the Clerk to parties registered for ECF "shall constitute notice as required by Rule 77(d)"); E.D.N.Y. Administrative Order 2004-08 (adopting ECF). At this point, Plaintiff's counsel's neglect does not outweigh the prejudice imposed upon the Defendants, who respectively await decisions concerning motions that were filed approximately seven months ago. Defendants have done more than simply await adjudication of a pending motion. They have been required to answer Plaintiff's numerous motions for reconsideration,

4

reargument, and extensions of time. It is inconsistent for Plaintiff's counsel to proffer a need for additional time to craft an opposition to Defendants' motions when previous extensions have only resulted in additional motion practice concerning additional extensions.

Finally, the Court addresses a final issue raised in Plaintiff's letter request for an additional extension: Plaintiff's medical condition.[1] While the Court sympathizes with counsel's plight, there are limits to the Court's ability to make accommodations. The net effect of the April Order was to allow Plaintiff approximately seven months to file an opposition to Defendants' motion to dismiss. Counsel's inability to comply with such a generous deadline (typically a party is permitted two weeks to respond to a motion) should, at a minimum, give her pause to consider whether she is capable of meeting the demands of representing her respective clients. See N.Y. Code of Professional Responsibility D.R. 2-110(B)(3), 2-110(C)(4).

Accordingly, for the reasons set forth herein and for the reasons set forth in the April Order, the following motions are deemed submitted unopposed: (1) Ingerman's motion for judgment on the pleadings pursuant to Rule 12(c) dismissing the Second Amended Complaint; (2) Jenmaur's motion for judgment on the pleadings; (3)

---

[1] Out of respect for Plaintiff's counsel's privacy, the Court does not discuss with specificity her medical condition.

the School District's motion for judgment on the pleadings; (4) Weeks' motion to dismiss the Second Amended Complaint; and (5) the Board Member Defendants motion to dismiss the Complaint.

SO ORDERED

Dated: May 17, 2006           /s/ JOANNA SEYBERT
       Central Islip, New York    Joanna Seybert, U.S.D.J.