UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RALPH CAPONE, *et ano.*,

                              Plaintiffs,

      -against-

PATCHOGUE-MEDFORD UNION FREE
SCHOOL DISTRICT, *et ano.*,

                              Defendants.
----------------------------------------------------------X

**ORDER**

CV 04-2947 (JS)

**ORENSTEIN, Magistrate Judge:**

      Various recipients of *subpoenas/subpoenas duces tecum* move by letter applications to quash the subpoenas. *Mishkin Letter* on behalf of Robinson, dated April 30, 2007; *Miller Letter* on behalf of Weeks, dated April 19, 2007; *Novitz Letter,* on behalf of Loschiavo, dated April 29, 2007; *Novitz Letter* on behalf of Kane, dated April 25, 2007. *Ferris Letter*, on his own behalf, dated April 20, 2007. *Margolin Letter*, on behalf of Ferris, dated April 26, 2007.

      Plaintiffs oppose the motions. *Pollack affirmation* re: Robinson, dated April 30, 2007 including an application to adjudge Mr. Robinson in contempt; *Pollack Letter* re: Weeks dated April 24, 2007; *Pollack Affirmation* re: Loschiavo, dated April 30, 2007, also including an application to adjudge Loschiavo in contempt; *Pollack Letter* re: Kane, dated April 26, 2007; *Pollack Letter* re: Ferris, dated April 23, 2007; *Pollack Letter*, dated April 24, 2007 seeking to adjudge Mr. Ferris in contempt.

      The applications by plaintiffs to adjudge Mr. Robinson, Mr. Loschiavo and Mr. Ferris in contempt are denied. A magistrate judge, under the circumstances herein, does not have the authority to grant the relief sought. 28 U.S.C. § 636(b). Moreover, if the subpoenas are quashed then a contempt application must fail.

      Here the subpoena on Mr. Loschiavo was served on him on or about April 27, 2007. The subpoena says appear "forthwith". This Court is of the view that a subpoena for deposition which requires a "forthwith" appearance must be quashed as it is wholly unreasonable. Finally, Mr. Loschiavo is an employee of the defendant. A simple Rule 30(b)(6) Notice of Deposition would have been a better method of proceeding. *See* Fed. R. Civ. P. 30(b)(6) and 45(c)(3)(A)(i).

      With respect to Mr. Robinson the application to adjudge him in contempt was premature. He was not due to appear in response to the subpoena until May 1, 2007. Ms. Pollack's application was dated April 30, 2007.

The motion to quash the subpoena served on Ms. Kane is also granted. Ms. Kane was an employee of the defendant. Despite that counsel for the defendants advised plaintiffs to pick a day when Ms. Kane returned from her vacation. Ms. Kane also informed the process server she would be on vacation on the date set forth in the subpoena. *Novitz Letter*, dated April 25, 2007.

The Court has also reviewed the various subpoenas *duces tecum*. Each subpoena which contained a rider was, in this Court's view, unreasonable and presented each recipient with an undue burden, and required documents which appeared irrelevant or obtainable from the defendants. For example, plaintiffs sought a copy of the deed to the recipients' homes and their personal cell phone records for a two year period. Other documents could have been obtained pursuant to Rule 34 of the Federal Rules of Civil Procedure. *See Travelers Indemnity Co. v. Metropolitan Life Ins. Co.*, 228 F.R.D.111, 113 (D. Conn. 2005) (unreasonable or undue burden can be demonstrated by the seeking of irrelevant documents, the need of the party for the documents, the extent of the request and the burden imposed.

For the reasons stated the applications are determined in accordance with the above discussion.

**SO ORDERED.**

Dated: Central Islip, New York
June 26, 2007

MICHAEL L. ORENSTEIN
United States Magistrate Judge