```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
RALPH P. CAPONE,

                    Plaintiff,              MEMORANDUM & ORDER
                                             04-CV-2947(JS)(MLO)
         -against-

PATCHOGUE-MEDFORD UNION FREE SCHOOL
DISTRICT, PATCHOGUE-MEDFORD UNION FREE
SCHOOL DISTRICT BOARD OF EDUCATION,
TINA WEEKS, in her individual and
official capacity, ANTHONY KAISER,
in his individual and official
capacity, BRIAN BRADY, in his individual
and official capacity, MARGARET E.
FELOUSIS, in her individual and official
capacity, PATRICK NETT, in his individual
and official capacity, RONALD RABY, in
his individual and official capacity,
JOSEPH LOSCIAVO, in his individual and
official capacity, VERONICA A. MCDERMOTT,
PHD., SUPERINTENDANT OF SCHOOLS, in her
individual and official capacity,
BARBARA KANE, DISTRICT CLERK and
COMPLIANCE OFFICER, in her individual and
official capacity, ALLEN ROBINSON,
DIRECTOR OF ADULT EDUCATION, in his
individual and official capacity, JENMAUR,
INC., CHRISTOPHER CLAYTON, ESQ., in his
individual and official capacity;
INGERMAN SMITH, LLP, and JANE DOE AND
JOHN DOE, fictitiously named persons,
Nassau County Division, New York State
Civil Service Commission,

                    Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:      Pro Se

For Defendants:
Tina Marie Weeks    Howard Marc Miller, Esq.
                    Bond, Schoeneck & King
                    1399 Franklin Avenue, Suite 200
                    Garden City, NY 11530
```

SEYBERT, District Judge:

On July 14, 2004, Plaintiff Ralph P. Capone ("Plaintiff") commenced this action alleging that Defendants, inter alia, violated his civil rights. Thereafter, the Defendants filed several motions to dismiss. By Memorandum and Order dated September 15, 2006 ("September 2006 Order"), this Court dismissed all claims against Tina Marie Weeks ("Weeks") and several other individual defendants from this case. The Court, however, denied the Defendant School District's motion to dismiss, and denied Weeks' motion seeking attorneys' fees. Weeks appealed this denial, and the Second Circuit Court of Appeals later remanded the case to this Court for clarification as to why the motion was denied. Upon further review, the Court clarifies its September 2006 Order: Weeks' motion for attorneys' fees as against Plaintiff is DENIED and Weeks' motion for attorneys' fees as against Plaintiff's former attorney is GRANTED.

## BACKGROUND[1]

Weeks' dismissal was based on, inter alia, the Court's determination that she was entitled to absolute immunity. The September 2006 Order did not expressly certify under Rule 54(b) that the dismissal of Weeks was a "final judgment." Thus, Weeks

---

[1] For a more complete discussion of the facts in this case, see the September 2006 Order.

moved, pursuant to FED. R. CIV. P. 54(b), for an order certifying that final judgment should be entered by the Clerk dismissing her from this action so that she could appeal the denial of her request for the recovery of her attorney's fees. This Court granted that motion on September 30, 2007, and the Clerk entered final judgment that same day. Finally, on April 24, 2008, Plaintiff submitted a letter notifying the Court that he had terminated Ruth Pollack ("Pollack") as his counsel, and requesting that the case be dismissed. Also contained in the letter was the following statement by Plaintiff:

> My relationship has deteriorated with Ms. Pollack to say the least. I never wanted to sue the school district, Ms. Weeks insisted that was the only way to get my job back.

(Pl.'s Letter Seeking Dismissal, dated Apr. 24, 2008.) On May 30, 2008, the Court granted Plaintiff's motion and directed that the case be CLOSED.

DISCUSSION

I. Standard of Review Under Rule 60(b)

Rule 60(b) of the Federal Rules of Civil Procedure provides relief from a judgment for, inter alia, mistakes, inadvertence, excusable neglect, newly discovered evidence, fraud, or any other reason that justifies relief. FED. R. CIV. P. 60(b). Rule 60(b) provides "extraordinary judicial relief" that may "only be granted upon a showing of exceptional

3

circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986).

II. 42 U.S.C. § 1988 And Rule 11

Under 42 U.S.C. § 1988, a "court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs" incurred in litigating a § 1983 action. Where the prevailing party is a defendant, that party must also demonstrate that the action was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Colombrito v. Kelly, 764 F.2d 122, 128 (2d Cir. 1985) (quoting Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 54 L. Ed. 2d 648, 98 S. Ct. 694 (1978)). Defendants have this additional burden to ensure that the policies encouraging private citizens to vindicate constitutional rights are balanced with those aimed at deterring frivolous or vexatious lawsuits. Id. From this Court's research, there is no limitation under Section 1988 for imposing monetary sanctions on plaintiffs when plaintiffs are represented by counsel. However, there is limitation under Rule 11 of the Federal Rules.

Rule 11 requires that an attorney sign every pleading, written motion, and other paper filed with the courts. FED. R. CIV. P. 11(a). By doing so, the attorney certifies

> that to the best of [his or her] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,

4

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

FED. R. CIV. P. 11(b). The 1993 Advisory Notes to subsections (b) and (c) state that the rule requires "litigants to 'stop and think' before initially making legal or factual contentions" and "emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable." FED. R. CIV. P. 11 Advis. Comm. notes (1993 Amendments).

Rule 11(c)(5) provides the limitation on 11(b):

**Limitations on Monetary Sanctions.** The court must not impose a monetary sanction:
(A) against a represented party for violating Rule 11(b)(2); or
(B) on its own, unless it issued the show-cause order under Rule

5

> 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.

Fed. R. Civ. P. 11(c)(5) (emphasis in original).

In this case, Weeks not only seeks sanctions under Rule 11, but also under Section 1988. Of course, imposition of monetary sanctions under Section 1988 would permit Weeks to circumvent the requirements of Rule 11. This seems to be an unfair result. Moreover, the extent to which Plaintiff himself was guiding this litigation remains dubious, considering he clearly stated he never wanted to pursue the litigation in the first place, let alone beyond the point at which it should have been clear that the claims against Weeks were frivolous. As soon as Plaintiff terminated Pollack as his counsel, he informed the Court that he wanted to withdraw the Complaint. (Pl.'s Letter Seeking Dismissal, dated Apr. 24, 2008.) Accordingly, the Court DENIES Weeks' motion for attorneys' fees against Plaintiff.

On the other hand, Pollack "continued to litigate after [the action] clearly became [frivolous]." In fact, Plaintiff's claims were frivolous from the onset because Defendant Weeks was entitled to absolute immunity. Unlike her client, Pollack is an attorney and should have known that the claims were frivolous. Moreover, the Complaint conceded that

Weeks voted in Plaintiff's favor and against his termination, (Compl. ¶ 75.), but Pollack still asserted claims against Weeks for wrongful discharge and constitutional violations.

As the case progressed, Defendant's attorney even sent Pollack a letter, warning her that the claims were frivolous, and citing to binding precedent. (Def.'s Sanctions Warning Letter, dated June 1, 2005.) The letter threatened Pollack with attorney's fees and sanctions if she did not withdraw the Complaint. (Id.) Pollack, however, did not withdraw the claims. Then Defendant moved for Judgment on the Pleadings, but Pollack again refused to withdraw the Complaint. Instead, she filed an Amended Complaint and changed the facts in an attempt to allege a non-frivolous cause of action. Shortly thereafter, Defendant made an unopposed Motion to Dismiss, which was granted on the basis of absolute immunity.

In summary, the Complaint was not "warranted by existing law" nor were any of the claims likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, as required by Rule 11. Defendant informed Pollack both verbally and in writing that the Complaint was frivolous. (Def.'s Letter threatening sanctions, dated June 1, 2005.) Defense counsel implored Pollack to withdraw the Complaint and threatened her with sanctions. (Id.) Defendant cited clear precedent, demonstrating that Defendant was entitled

to absolute immunity. (Id.) Nevertheless, Pollack maintained her course in pursuing the frivolous claims. Accordingly, Rule 11 sanctions are appropriate against Pollack.

III. 28 U.S.C. § 1927

Weeks' application for attorneys' fees against Pollack are another matter. Although Rule 11 and 28 U.S.C. § 1927 share some similarities, Section 1927 differs in important ways. Section 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Courts in this circuit construe the statute "narrowly and with great caution, so as not to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law." Romeo v. Sherry, 308 F. Supp. 2d 128, 148 (E.D.N.Y. 2004) (quoting Mone v. C.I.R., 774 F.2d 570, 574 (2d Cir. 1985) (internal citations omitted)). The purpose of the statute is to deter dilatory tactics, unnecessary delays in litigation, and bad faith conduct by attorneys. Id. (citing United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., AFL-CIO, 948 F.2d 1338, 1345 (2d Cir. 1991); Hudson Motors P'ship v. Crest Leasing Enters., Inc., 845 F. Supp. 969, 978

(E.D.N.Y. 1994); and Herrera v. Scully, 143 F.R.D. 545, 551-552 (S.D.N.Y. 1992)). Unlike the objective standard of Rule 11, Section 1927 "requires a clear showing of bad faith[.]" Novelty Textile Mills, Inc. v. Stern, 136 F.R.D. 63, 72-73 (S.D.N.Y. 1991); see also Int'l Bhd. of Teamsters, 948 F.2d at 1345 ("Bad faith is the touchstone of an award under this statute."); Hudson Motors, 845 F. Supp. at 978 (holding that "[w]ithout a demonstration of bad faith on the part of the attorney in question, sanctions pursuant to this statute are inappropriate.").

Here, Plaintiff's attorney demonstrated bad faith by (1) refusing to withdraw the Complaint despite clear deficiencies in the claims presented, (2) filing numerous meritless motions with the Court, and (3) sending a slew of letter applications to the Court and to opposing counsel. Thus, Pollack needlessly multiplied the proceeding within the meaning of § 1927. Defendant informed Plaintiff's attorney several times that the Complaint was frivolous and threatened to move for sanctions and attorney's fees if she did not withdraw the claims. (Def.'s Letter threatening sanctions, dated Jun. 1, 2005.) Defendant even sent a letter to Plaintiff's counsel, specifically citing binding case law, but Plaintiff's attorney did not withdraw the Complaint. (Id.) Consequently, Defendant

9

and the Court were needlessly forced to squander more resources.[1] Accordingly, Weeks' motion pursuant to § 1927 is GRANTED.

CONCLUSION

For the reasons explained above, Weeks' motion for attorneys' fees are GRANTED in part and DENIED in part. Weeks may recover attorney's fees from Capone's former counsel, Pollack, pursuant to Rule 11 of the Federal Rules and 28 U.S.C. § 1927, but may not directly recover fees from Capone himself. Weeks is directed to submit, within 30 days of the filing of this Order, an accounting setting forth the time records, expenses, and other pertinent information in support of the application for fees and costs; thereafter, the Court will enter a judgment in favor of Defendants and this matter will be CLOSED. Finally, Weeks is directed to serve a copy of this Order on both the pro se Plaintiff and Pollack within 3 business days from this Order's date of entry.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:     July 13, 2010
           Central Islip, New York

---

[1] For example, Defendants filed a Motion for Judgment on the Pleadings. Two weeks later, Plaintiff filed an Amended Compliant and altered key allegations from the original Complaint. Defendants again sought to dismiss the action. Once more, Plaintiff delayed by seeking additional time to answer the Motion. In the interim, Plaintiff appealed a Discovery Order, but submitted it five days past the deadline. (Def.'s Letter Denial of Appeal, dated July 6, 2005.) Defendant was forced to respond and request that the appeal be denied as untimely. (Id.)