```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
RALPH P. CAPONE,

                    Plaintiff,            MEMORANDUM & ORDER
                                          04-CV-2947(JS)(MLO)
          -against-

PATCHOGUE-MEDFORD UNION FREE SCHOOL
DISTRICT, et al.,

                    Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:     Ralph P. Capone, Pro Se
                   28 Bailey Avenue
                   Patchogue, New York  11722

For Defendants:
Tina Marie Weeks   Howard Marc Miller, Esq.
                   Bond, Schoeneck & King
                   1399 Franklin Avenue, Suite 200
                   Garden City, NY 11530

Also Appearing:    Ruth M. Pollack, Pro Se
                   21 West Second Street, Suite 13
                   P.O. Box 120
                   Riverhead, NY 11901-0120
```

SEYBERT, District Judge:

By its July 13, 2010 Memorandum and Order (the "July Order"), the Court sanctioned Plaintiff Ralph Capone's former counsel, Ruth M. Pollack ("Pollack"), and ruled that Defendant Tina Weeks ("Weeks") may recover attorneys' fees directly from Pollack pursuant to Federal Rule of Civil Procedure 11 and Section 1927 of Title 28 of the United States Code ("Section 1927"). The Court directed Weeks to submit an accounting of legal fees and expenses incurred in defending this suit (the

"Fee Application"). On July 28, 2010, Pollack filed a document titled "Motion to Appeal and Vacate Court 'M&O'" (the "Motion to Reconsider") (Docket Entry 359). Pending before the Court is Pollack's motion and Weeks' Fee Application. For the reasons that follow, Pollack's Motion is DENIED, and the Clerk of the Court is directed to enter judgment against Pollack in favor of Weeks in the amount of $136,742.92, which represents Weeks' reasonable legal fees and costs.

## DISCUSSION

The Court first addresses Pollack's motion and then considers Weeks' Fee Application.

I. Pollack's Motion to Reconsider

The Court construes Pollack's motion as a motion to reconsider the July Order pursuant to Local Civil Rule 6.3. That rule provides that requests for reconsideration "of a court order determining a motion shall be served within ten (10) days after the entry of the court's determination of the original motion" and shall be accompanied by a concise explanation of "the matters or controlling decisions which counsel believes the court has overlooked." The present motion was filed more than ten days after Pollack received a copy of the July Order, (Docket Entry 359 at 4); accordingly, it is DENIED as untimely.

II. <u>The Fee Application</u>

The Second Circuit calculates attorneys' fees by a "presumptively reasonable fee" test. See <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany</u>, 522 F.3d 182, 183 (2d Cir. 2008). Under this method, the "presumptively reasonable fee" is the product of: (1) the hours reasonably expended at (2) a reasonably hourly rate. <u>Arbor Hill</u>, 522 F.3d at 183. A reasonable hourly rate is determined by considering "<u>all</u> of the case specific variables that we and other courts have identified as relevant to the reasonableness of attorneys' fees . . . ." <u>Id.</u> at 190 (emphasis in original). Essentially, the inquiry is "what a reasonable, paying client would be willing to pay," keeping in mind that a party usually seeks "to spend the minimum necessary to litigate the case effectively." <u>Simmons v. New York City Transit Auth.</u>, 575 F.3d 170, 174 (2d Cir. 2009) (quoting <u>Arbor Hill</u>, 522 F.3d at 190). The <u>Johnson</u> factors[1] should be considered, along with the possibility that a client may be able to negotiate with her attorneys, using their desire to obtain the reputational benefits from being associated with the case. <u>Arbor Hill</u>, 522 F.3d at 190.

Courts will also consider (1) the complexity and difficulty involved in the case, (2) the available expertise and

---

[1] So named for the approach delineated in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714 (5th Cir. 1974), a multifactor approach that considered twelve separate factors to establish a "reasonable fee."

capacity of the client's other counsel (if any), (3) the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), (4) the timing demands of the case, (5) whether an attorney might have initially acted pro bono (such that a client might be aware that the attorney expected low or non-existent remuneration), and (6) other returns (such as reputation, etc.) that an attorney might expect from the representation.[2] Id. at 184. Perhaps the most important factor in the reasonableness inquiry is the nature of the litigation. See Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd., No. 07-CV-3208, 2010 WL 3925195, at *3 (E.D.N.Y. Sept. 9, 2010) (awarding attorneys' fees where attorneys submitted proof that their fees were in line with other intellectual property firms).

A. The Hourly Rates were Reasonable

The Court finds that Weeks' attorneys' hourly rates were reasonable. Weeks seeks attorneys' fees at the following

---

[2] These considerations are quite similar to the Johnson factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717-719.

rates: (1) $275 per hour for partners Howard Miller, Richard Kass, and James Clark; (2) $180 per hour for associates Amy Culver, John Ho, Mary Synder, Lauren Darienzo, Michele Baptiste, Howard Wexler, and Hilary McHugh; and (3) $161.41 per hour for Jessica Satriano, an associate who began working on this case as a summer associate. (Deft. Mem. at 7, 8; Miller Aff. ¶¶ 11, 17, 22, 27, 32, 36, 41, 46, 51, 56, 61.) These lawyers work or worked for the firm Bond Schoeneck & King in Garden City, New York ("BSK").

1. Legal Standard

In determining whether an hourly rate is reasonable, courts compare the attorneys' usual billing rates with the prevailing market rates in the applicable district. See Brady v. Wal-Mart Stores, Inc., No. 03-CV-3843, 2010 WL 4392566, at *2 (E.D.N.Y. Oct. 29, 2010). The fee applicant has the burden of "produc[ing] satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 895 n. 11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984). In addition to the aforementioned factors, the "size of the firm may also be considered, in part because of the varying overhead costs incurred by larger firms, but also where the complexity of a case requires a larger firm to effectively litigate it . . . ."

5

Brady, 2010 WL 4392566, at *3. Where cases do not require specialized skill on behalf of the lawyers, and are not extremely complex, the rates are generally lower. See id. at *5 (finding that an employment discrimination case involving a single plaintiff and two defendants, was not "extraordinarily complex" and did not command a higher rate).

### 2. BSK's Hourly Rates

Weeks has justified her lawyers' hourly rates. Because this is a multifactor, fact-specific inquiry, the Court analyzes each attorney in turn.

#### a. Partner Rates

A rate of $275 per hour for the work of partner Howard Miller is reasonable. Courts have awarded rates of $200 to $400 per hour for partners in this district. See e.g., Brady, 2010 WL 4392566, at *5; Cho v. Koam Med. Servs. P.C., 524 F. Supp. 2d 202, 207 (E.D.N.Y. 2007) ($200 to $350 per hour for partners); Melnick v. Press, No. 06-CV-6686, 2009 WL 2824586, at *9 (E.D.N.Y. Aug. 28, 2009) (reasonable hourly rates for partners ranges from $200 to $375). Miller's rate is thus in line with the prevailing rate, particularly in light of his résumé. Moreover, courts have frequently awarded higher than average rates for attorneys with considerable experience. See, e.g., Luca v. County of Nassau, 698 F. Supp. 2d 296, 301 (E.D.N.Y. 2010) (awarding an hourly rate of $400 to an attorney in the

6

Eastern District with 25 years' experience); Gutman v. Klein, No. 03-CV-1570, 2009 WL 3296072, at *2 (E.D.N.Y. Oct. 13, 2009 (hourly rate between $300 and $400 is within Eastern District norms); Ueno v. Napolitano, No. 04-CV-1873, 2007 WL 1395517, at *9 (E.D.N.Y. May 11, 2007) (awarding $400 per hour for a partner with 21 years' experience and $350 per hour for an employment discrimination lawyer with 29 years' experience). Miller is a 1990 graduate of St. John's University School of Law, where he was a member of the Law Review. (Miller Aff. ¶ 5.) Miller has been a member of BSK since 2004. (Id. ¶ 7.) BSK has a large, multistate practice and has one of the largest labor and employment law departments in New York State. (Id.) Miller has practiced labor and employment law for nearly 20 years and has represented school districts previously. (Id. ¶ 8.) Miller has extensive trial experience in this field. (See id. ¶¶ 9-10.)

As with Miller's, partner James P. Clark's hourly rate of $275 is reasonable. Clark is a 1994 graduate of St. John's University School of Law, where he also served on the Law Review. (Miller Aff. ¶ 43, n.8.) He has practiced labor and employment law for 15 years. (Id. ¶ 45.)

Partner Richard G. Kass' hourly rate of $275 is also reasonable. Kass is a 1985 graduate of Harvard Law School, and has worked in labor and employment law for more than 20 years. (Miller Aff. ¶¶ 58, 60.) Kass specializes in litigation

7

involving municipalities and school districts, (id. ¶ 60), and he teaches labor and employment law at a college. Id. Courts have awarded $400 for a partner with similar experience, see Ueno v. Napolitano, 2007 WL 1395517, at *9 (E.D.N.Y. May 11, 2007), and the Court finds that $275 per hour for Kass' time is reasonable.

      b. Associate Rates

Seven associates worked on this matter at a rate of $180.00 per hour, and an eighth associate billed at a rate of $161.46 per hour. The latter rate is weighted to reflect a blend of the time that one associate spent working on this case as a summer associate (at a rate of $125 per hour) and later as a full-time associate (at a rate of $180 per hour). (Miller Aff. ¶ 17 n.3.) The Court finds that these hourly rates are reasonable.

In Brady, the court found that a fee of $100 to $295 for associates was appropriate in the Eastern District. 2010 WL 4392566, at *5. In that case, the court approved $175 per hour for a first year associate and $225 per hour for associates with more than five years' experience. Id.; see also, Coated Fabrics Co. v. Mirle Corp., No. 06-CV-5415, 2008 WL 163598, at *7 (E.D.N.Y. Jan. 16, 2008) (adopting report and recommendation) ("Hourly rates approved in recent Eastern District of New York cases have ranged from . . . $200 to $250 for senior associates

8

and $100 to $150 for junior associates."); La Barbera v. Les Sub-Surface Plumbing, Inc., No. 02-CV-06076, 2006 WL 3628024, at *8 (E.D.N.Y. Dec. 11, 2006) (awarding $250 per hour for an associate with six years' experience).

Here, hourly rates of $180 and $161.46 are reasonable. The BSK associates who worked on this matter have the credentials and experience to justify their fees. Jessica Satriano, Esq., is a 2006 law school graduate who has practiced employment and labor law, with a focus on school districts, since she joined BSK. (Miller Aff. ¶¶ 14, 16.) Amy Culver, Esq., graduated law school in 2005 and has worked in BSK's labor and employment division for the past five years. (Id. ¶¶ 19, 21.) Hilary McHugh, Esq., graduated law school in 2009 and has worked in labor and employment law at BSK since joining the firm. (Id. ¶¶ 24, 26.) Michele Baptiste, Esq., a former associate and 2000 law school graduate, focused her practice on employment discrimination. (Id. ¶¶ 29, 31.) Lauren Darienzo, Esq., a 2001 law school graduate, practiced in labor and employment law for nearly a decade, focusing on municipalities and higher education. (Id. ¶¶ 33, 34.) She was also an editor of the 2002 and 2003 Cumulative Supplements to the Developing Labor Law, which is published by the American Bar Association. (Id. ¶ 34.) Mary Snyder, Esq., graduated law school in 2002. (Miller Aff. ¶ 38.) John Ho, Esq., graduated law school in 1997

9

and has practiced in labor and employment law for "almost 13 years with a concentration in municipalities, [and] school districts . . . ." (Id. ¶¶ 48, 50.) Howard Wexler, Esq., graduated law school in 2007 and has practiced labor and employment law with a concentration in public sector clients, such as school districts. (Id. ¶¶ 53, 55.)

B. The Amount of Time Expended was Reasonable

With one minor exception, discussed below, the Court finds that the number of hours Weeks' attorneys spent on her defense was reasonable. Parties seeking attorneys' fees bear the burden of demonstrating the reasonableness of both the hours expended and the type of work performed. They typically do this through contemporaneous time records, preferably those specifying the nature of the work performed, the hours spent, and the dates on which the work was done. New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147-48 (2d Cir. 1983). The level of detail need not be overly exhaustive, however. See Aiello v. Town of Brookhaven, No. 94-CV-2622, 2005 WL 1397202, at *2 (E.D.N.Y. June 13, 2005). "District courts have broad discretion to determine the reasonableness of hours claimed based on their general experience and 'familiarity with the case.'" Brady, 2010 WL 4392566, at *6 (quoting Murray v. Mills, 354 F. Supp. 2d 231, 238 (E.D.N.Y. 2005)). In determining whether an award is reasonable, the District court

10

must review and eliminate hours that are found to be "excessive, redundant, or otherwise unnecessary." Hensley v. Eckhart, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983).

1. Hours Expended Through June 2010

The Court finds that Weeks has submitted a satisfactory record documenting the hours expended on this matter from its inception through June 2010. Weeks supplied the Court with time records documenting the hours worked. Each entry is listed separately, and it identifies the attorney, the task performed, and the amount of time spent. Over 90 percent of the work performed in this matter was conducted by three people: Miller, Satriano, and Culver. (Deft. Mem. 10.) Between 2005 and 2010, BSK billed a total of 478.2 hours on this matter. (Id.) The Court finds this amount of time reasonable. BSK spent time consulting with Weeks and other attorneys, researching legal issues and preparing briefs, attending court conferences, drafting letters and attempting to reason with Ms. Pollack, conducting depositions, participating in an oral argument before the Second Circuit, and corresponding with various courts and judges, including this one. (Id.) at 11-12. Taking into account the prolonged nature of the litigation and Pollack's bad faith tactics, the Court finds that the hours BSK spent on this case through June 2010 are reasonable.

11

Accordingly, it awards Weeks $111,090.50 in legal fees for this period.

### 2. Hours Expended from July 2010 Onward

Weeks seeks an additional $9,213.50 in legal fees for 48.6 hours spent from July to August of 2010, time that was spent preparing the Fee Application. (Deft. Mem. 13.) The Court finds that 48.6 hours is longer than reasonably necessary to draft the Fee Application. The Court thinks a reasonable amount of time would have been twenty associate hours (20 @ $180) and five partner hours (5 @ $275) for a total of $4,975.00. See Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998) (citing Carey, 711 F.2d at 1146) ("[I]n dealing with . . . surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'").

## III. Costs

In addition to attorneys' fees, Defendant seeks $20,058.00 in costs and disbursements incurred from 2005 through May 2010, and $619.40 from July until August of 2010, for a total of $20,677.42. (Miller Aff. ¶ 74; Deft. Memo 14.) Costs are ordinarily recoverable where they are "incidental and necessary to the litigation." Tips Exports, Inc. v. Music Mahal, Inc., No 01-CV-5412, 2007 WL 952036, at *11 (E.D.N.Y. Mar. 27, 2007). These costs routinely include filing fees,

12

process servers, postage, travel, and photocopying. Id. Here, the costs detailed are of the customary sort. Of the costs detailed, more than half consist of Westlaw research. (Miller Aff. Ex. C 24.) Awarding online legal research fees on a Rule 11 motion is within the District Court's discretion. United States ex rel Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp., 95 F.3d 153, 173 (2d Cir. 1996) (noting the discretionary nature of fee awards relative to research costs). The Court finds that these costs--incurred over the five-year life of this litigation--were reasonable. Accordingly, the Court grants Defendant $20,677.42 in costs.

## CONCLUSION

Based on the foregoing, Pollack's motion to reconsider is DENIED. The Clerk of the Court is directed to enter Judgment against Pollack in favor of Weeks in the amount of $136,742.92. The Clerk of the Court is further directed to mail Pollack and Plaintiff Capone a copy of this Memorandum and Order and mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: February __23__, 2011
       Central Islip, New York

13